## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Case No. 15-56777 |
| **Barry E Disbennett** ) | |
| **Kimberley L Disbennett,** ) | Chapter 13 |
| ) | Judge Preston |
| Debtors. ) | |

## UNITED STATES OF AMERICA'S OBJECTION TO
## CONFIRMATION OF CHAPTER 13 PLAN

The Unites States of America, on behalf of the Internal Revenue Service (the "Service"), respectfully moves that the Debtors' Chapter 13 plan be denied confirmation, pursuant to 11 U.S.C. § 1325(a)(5), as the plan fails to provide for payment of the Service's secured claim in full.

1.   The Service's proof of claim for $136,516.39 in secured obligations (showing federal tax liens), $11,281.69 in unsecured priority obligations, and $4,538.76 in general unsecured claims is attached as Exhibit A.

2.   Prior to the filing of this case, the United States filed Notices of Federal Tax Lien against the Debtors. The scope of the Federal tax lien is all encompassing. A federal tax lien attaches to all of the tax debtor's property and right to property, both real and personal, on assessment of the tax. 26 U.S.C. § 6321. All means all, *United States v. National Bank of Commerce*, 472 U.S. 713, 719-20 (1985); *Glass City Bank v. United States*, 326 U.S. 265, 267 (1945), including salary; *United States v. Garrett*, 360 F. Supp. 232 (M.D. La. 1973), *aff'd*, 493 F.2d 908 (5th Cir. 1974); *Medaris v. United States*, 884 F.2d 832, 833 (5th Cir. 1989) and other accounts receivable due a debtor. *Du-mar Marine Services v. State Bank of Golden Meadow*, 697 F. Supp. 929, 933 (E.D. La. 1988); *In re Burwick*, 186 B.R. 501, 502 (Bankr. W.D. Wa. 1995); *McIntyre v. United States*, 222 F.3d 655, 660 (9th Cir. 2000)(ERISA account); *United States v.*

*Sawaf*, 74 F.3d 119, 123-25 (6th Cir. 1996)(ERISA account); *Jones v. Internal Revenue Service*, 206 BR. 614, 621 (Bankr. D.C. 1997)(Federal Thrift Savings Plan account); *In re Evans*, 155 B.R.234, 235 (Bankr. N.D. Okla.1993)(pension); *In re Raihl*, 152 B.R. 615 (9th Cir. B.A.P. 1993)(pension). Exemptions, including a homestead exemption, do not affect the federal tax lien. 11 U.S.C. § 522(c)(2)(B); *United States v. Rodgers*, 461 U.S. 677, 700-01 (1983); *United States v. Bess*, 357 U.S. 51, 56-57 (1958); *Weitzner v. United States*, 309 F.2d 45 (5th Cir. 1962). A federal tax lien is a statutory lien, 11 U.S.C. § 101 (53), and is not avoidable by the trustee. 11 U.S.C. § 547(c)(6); *In re Wiles*, 173 B.R. 92, 93 (Bankr. M.D. Pa. 1994); *In re Fandre*, 167 B.R. 837, 840 (E.D. Tex. 1994).

  3. The Debtors' plan does not provide for the United States to be paid the value of its secured claim during the life of the plan, as required by § 1325. *Associates Commercial Corp. v. Rash*, 520 U.S. 953, 962 (1997). Pursuant to paragraph B(3) of the plan, the Service's secured claim as to the real property at 207 S. Ash Street, Marysville, Ohio is to be paid as unsecured. Paragraph H of the plan provides that the property will be sold, with proceeds distributed to the Union County Treasurer, the Service, and the State of Ohio in month 6 of the plan. The property is valued at $134,000 on Schedule A. The plan does not specify how the Service's secured claim will be paid if the real property at 207 S. Ash Street does not sell, or if the proceeds are insufficient to pay our secured claim in full. The Service's secured claim is based on equity in Debtor's real and personal property. Surrender of Debtor's real property is not sufficient to provide for the service's entire secured claim. The plan does not meet the standards of 11 U.S.C. § 1325(a)(5) and should not be confirmed.

  Wherefore, the Service respectfully requests that confirmation of the Debtor's Chapter 13 plan be denied.

Respectfully submitted,

CARTER M. STEWART
United States Attorney

/s/ Bethany J Hamilton
BETHANY J. HAMILTON (0075139)
Assistant United States Attorney
303 Marconi Boulevard, Suite 200
Columbus, Ohio   43215
(614) 469-5715
Fax: (614) 469-5240
Email: bethany.hamilton@usdoj.gov

# **CERTIFICATE OF SERVICE**

     The undersigned hereby certifies that on <u>December 16, 2015</u> service of the foregoing was made by electronic filing with the Clerk of the United States Bankruptcy Court, using the CM/ECF system, which will send notification of such filing to the parties listed below:

        U.S. Trustee's Office

        Chapter 13 Trustee

        Gregory S DuPont, Attorney for Debtor

     The undersigned hereby certifies that on the same date, a copy of the foregoing pleading was served by United States Postal Service, First Class, postage prepaid, to the following non CM/ECF participant:

        Debtor:
        Barry E & Kimberley L Disbennett
        206 N Maple St
        Marysville, Ohio 43040

        /s/ Bethany J Hamilton
        BETHANY J. HAMILTON (0075139)
        Assistant United States Attorney
        Email: bethany.hamilton@usdoj.gov